## Burke *versus* Gummey.

*Liability of vendee of land purchased subject to mortgage.*

A vendee of property taken expressly subject to a mortgage makes the debt his own; and if, on sale upon the mortgage, there is a deficiency which the vendor is obliged to pay on his bond, he may recover in an action against the vendee.

ERROR to the District Court of *Philadelphia.*

This was an action of *assumpsit*, by Thomas A. Gummey against William A. Burke, to recover a sum of money paid by him in satisfaction of a mortgage which was a lien on certain real estate conveyed by Gummey to Burke, and which Burke, as vendee, had assumed to pay.

The case was this:—Thomas A. Gummey, by indenture in the usual form, in consideration of $1000, conveyed to William A. Burke a house and lot, "subject to the payment of a mortgage-debt, or sum of $1000, secured by indenture of mortgage given by the said Thomas A. Gummey to Thomas Cain, dated the 17th day of January 1857, recorded," &c.

Burke paid the cash consideration, accepted the deed, and entered into possession. Subsequently he sold the property subject to the same mortgage. The interest upon the mortgage became in arrear, and the holder sued it out, and sold the mortgaged premises at sheriff's sale. The proceeds of the sale yielded only about $100 towards the payment of the mortgage. The holder of the mortgage then entered judgment upon Gummey's bond, and, under threat of execution, he paid the balance due on the bond. To recover the amount thus paid Gummey brought this suit.

Under the ruling of the court below there was a verdict and judgment in favour of the plaintiff. This writ was then sued out by the defendant, and the judgment of the court below assigned for error.

[Burke *v.* Gummey.]

*N. H. Sharpless*, for plaintiff in error.

*George Junkin*, Jr., for defendant.

The opinion of the court was delivered, March 10th 1864, by
STRONG, J.—This case is ruled by Campbell *v.* Shrum, 3 Watts
60, as well as by the principles laid down in Blank *v.* German, 5
W. & S. 36, and in Woodward's Appeal, 2 Wright 322. We
have no cases that are not reconcileable with the doctrine that
one who purchases expressly subject to an encumbrance as be-
tween the vendor and himself makes the debt his own, and
assumes to protect the vendor. Such assumption is in part or
in whole the consideration of the conveyance to him. It would
be strange were it not so. In this case Gummey sold to Burke
for $1000 a lot subject to a mortgage for $1000, given by the
vendor. Burke obtained the lot for $1000 less, because he took
it expressly subject to the mortgage. If, now, he can cast the
payment of the mortgage upon his vendor, he does not take the
lot encumbered, for he compels the vendor to take off the encum-
brance, and indirectly recovers the consideration which he has
paid. It is manifest such was not the understanding of the
parties. It is a rational deduction, from their language, and
from the transaction, that the vendee undertook to protect the
vendor against the debt that was secured by mortgage on the
premises.

Clearly, the promise to Gummey to pay a debt due by Gum-
mey, or to protect him against it, was not within the Statute of
Frauds.

The judgment is affirmed.