## Moore's Appeal.

1. The clause in a deed of conveyance " under and subject," to a mortgage or other encumbrance, is a covenant of indemnity only as between grantor and grantee for the protection of the former, unless there is an express agreement to pay the encumbrance, or an agreement can be implied from the circumstances.

2. The words " under and subject" import that the vendee takes the land encumbered, and, at most, that on taking it an agreed consideration, which includes the encumbrance, he will indemnify the vendor to the extent of that consideration, in the same manner as if it had been paid in cash and so applied at the time.

January 24th 1879.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Appeal from the Orphans' Court of *Philadelphia county :* Of July Term 1878, No. 50.

Appeal of Alfred F. Moore, administrator, and one of the heirs-at-law of W. F. Moore, deceased, from the decree of the court dismissing his exceptions to and confirming the adjudication, upon the account of said administrator.

Before the auditing judge it appeared, that the decedent purchased from Andrew M. Moore a house and lot on Spring Garden street. The deed was dated February 12th 1877, and the consideration named in it was $9500. The habendum contained these words : " Under and subject, nevertheless, to the payment of the aforesaid mortgage, debt or principal sum $8500, and the interest due and to grow due thereon." The receipt at the foot of the deed was for $9500, being the full consideration. The value of the property clear of encumbrance was $18,000.

The property was originally conveyed by James Lyon, subject to the mortgage to Andrew M. Moore, the grantor of decedent. The mortgage was dated April 23d 1874, payable in five years.

The decedent died intestate, leaving a widow, mother and collateral heirs. The administrator, in his account, took credit for the payment of $255, paid by him for six months' interest on the mortgage accrued after the decease of the decedent. He also claimed, being a brother and heir-at-law of the decedent, that the principal of the mortgage of $8500 should be paid out of the personal estate in his hands as a debt due by the intestate.

Ashman, J., the judge who audited the account, disallowed the credit of $250 interest paid on the mortgage, and refused to direct the payment of the principal of the mortgage debt out of the personal estate in the hands of the administrator, on the ground that the decedent was under no personal liability to pay the mortgage. The court in banc subsequently dismissed the exceptions filed to this adjudication and confirmed the same, and from this decree this appeal was taken.

*George W. Thorn,* for appellant.—Where realty is conveyed

expressly subject to a mortgage debt recited in the conveyance, the debt becomes the personal one of the vendee: Keyzey's Case, 9 S. & R. 71; Campbell v. Shrum, 3 Watts 60; Blank v. German, 5 W. & S. 36; Hoff's Appeal, 12 Harris 201; Woodward's Appeal, 2 Wright 325; Burke v. Gummey, 13 Id. 518; Lennig's Estate, 2 P. F. Smith 135; Taylor v. Preston, 29 Id. 436.

*J. G. Johnson*, for appellees.—There were no special circumstances here to raise a covenant to pay this encumbrance, and it therefore amounts simply to an indemnity to the vendor: Cumberland v. Codrington, 3 Johns. Ch. 229; Tankerville v. Fawcett, 2 Brown C. C. 57; Billinghurst v. Walker, Id. 604; Evelyn v. Evelyn, 2 P. Wms. 659; Wilson v. Earl of Darlington, 1 Cox 172; Lawson v. Hudson, 1 Brown C. C. 58; Oxford v. Rodney, 14 Ves. 417; Keyzey's Case, *supra*; Shoenberger v. Hay, 4 Wright 132; Walker v. Physick, 5 Barr 193; Mansell's Estate, 1 Pars. 370.[1]

Chief Justice SHARSWOOD delivered the opinion of the court, March 3d 1879.

The personal estate of a decedent is the primary fund for the payment of his debts. One reason and perhaps the controlling one for this rule is, that the personal estate has been increased by means of them, and his intention is therefore presumed to be that it should bear the burthen, unless he has expressed a contrary intention by his will. If therefore he has encumbered his land, the heir or devisee is entitled to call upon the personalty for exoneration. Where, however, his land has been purchased, encumbered by the debts of a prior owner, this reason does not exist and *cessante ratione cessat et ipsa lex*: Keyzey's Case, 9 S. & R. 71. Yet if he has made himself directly liable for the debt for which the encumbrance was created, there the exception does not apply, but the general rule prevails: Lennig's Estate, 2 P. F. Smith 135. It seems, however, that indemnifying his vendor against being called on to pay the debt upon the land proving to be insufficient, is not an act which makes him personally liable to the creditor and thereby throws the debt upon the personalty: Evelyn v. Evelyn, 2 P. Wms. 664, note by Cox. A mere covenant by the purchaser of a mortgaged estate to indemnify the vendor does not make it his personal debt: Wood v. Huntingford, 3 Ves. 131. These cases have been recognised by this court in Hoff's Appeal, 12 Harris 204.

The decedent in his lifetime purchased a house and lot for $9500 and the habendum contained these words: "Under and subject nevertheless to the payment of a mortgage debt of $8500." The receipt at the foot of the deed was for "$9500, being the full consideration." The value of the property, clear of the encumbrance,

---

[1] See Samuel v. Peyton, *post*, 465.—REP.

[Moore's Appeal.]

was $18,000. The question then is, did the decedent make this mortgage debt his own so as to entitle his heir to call upon the personal estate to exonerate the land?

An examination of the cases which have been decided on the legal effect of such a clause in a conveyance, shows, we think, that unless there exist special circumstances to raise a covenant to pay the encumbrance, it amounts only to an indemnity to the vendor; in the language of the opinions "the vendee makes the debt his own as between him and the vendor for his protection." "We have no cases," says Mr. Justice STRONG, in Burke v. Gummey, 13 Wright 518, "that are not reconcilable with the doctrine that one who purchases expressly subject to an encumbrance, as between the vendor and himself, makes the debt his own and assumes to protect the vendor." Blank v. German, 5 W. & S. 36; Walker v. Physick, 5 Barr 193; Keim v. Robeson, 11 Harris 456; Academy v. Smith, 4 P. F. Smith 130; Taylor v. Preston, 29 Id. 436. Wherever it has been construed as a covenant to pay the encumbrance, which can enure to the use of the encumbrancer and on which he can sue, either in his own name or that of the vendor, there has been an agreement to pay, either express or implied, from the circumstances. Such an implication arises in most cases where there is a sale by a vendee under articles subject to the payment of the unpaid purchase-money. Thus, in Campbell v. Shrum, 3 Watts 60, Mr. Justice SERGEANT says, "here the principal consideration for Shrum's agreement to transfer to Campbell was that Campbell should discharge the arrears due by Shrum for the land, and relieve and exonerate him from his liability therefor." Such was Metzgar's Appeal, 21 P. F. Smith 330. The conveyance was subject to a dower and the yearly interest to be paid to the widow and payable after her decease to the heirs. In Taylor v. Preston, 29 P. F. Smith 436, also a sale of land held under articles, there was evidence that the grantees were to pay $20,000 and assume all the back payments. In Hoff's Appeal, 12 Harris 200, in the receipt subjoined to the conveyance it was stated that the payment in hand, and the mortgage debt and interest due and to grow due thereon, "to be paid by the said John Hoff," the grantee, was the consideration for the premises. In Lennig's Estate, 2 P. F. Smith 135, the property was purchased for $57,000, which sum the contract stated included the two mortgages of $12,000 and $25.000. Woodward's Appeal, 2 Wright 322, much relied on as establishing a personal liability, only decided that where a guardian, by authority from the Orphans' Court, purchased land at the request and for the use of his ward, and took the conveyance under and subject to a mortgage, that court as a court of equity would protect her from possible eventual responsibility to the vendor, by ordering the mortgage to be paid out of the ward's personal estate, though the consequence was that the land descended to the heir unencumbered. It was expressly said in the opinion by Mr. Justice STRONG, in that

[Moore's Appeal.]

case, " It is of no importance now to inquire whether Mr. Woodward, by taking a deed from Mr. Spackman for the Arch street house " subject to the mortgage thereon," assumed the debt as between the grantor and himself, or whether she only engaged to indemnify him against being called upon to pay it. If it was either, it was a liability incurred in behalf of her ward, and a liability incurred in obedience to the directions of the Orphans' Court."

Why should a covenant be inferred from these words by the vendee to the vendor to do more than protect the latter from loss ? If there is no existing personal liability in the vendor by reason of his bond or promise under which he can be compelled to pay if the mortgaged premises prove insufficient, what reason is there that he should exact a covenant from his vendee for the benefit of a stranger ? If such personal liability does exist why should he exact anything more than indemnity ? Surely then something should appear to create the inference of such a covenant. The words " under and subject" import no such thing. They import that the vendee takes the land encumbered, and at most that so taking it, at an agreed consideration, which includes the encumbrance, he will indemnify the vendor to the extent of that consideration, in the same manner as if it had been paid in cash and so applied at the time. It is unwise to give an arbitrary, artificial meaning to words commonly used in contracts and conveyances, and thus entrap parties into engagements into which they had no reason to suppose, in the common use of language, they were entering. The Act of Assembly of June 12th 1878, Pamph. L. 205, has very wisely provided that the grantor shall not be personally liable unless he shall expressly assume such liability by agreement in writing, or condition in the conveyance.

We think the conclusion at which the auditing judge and the court below arrived was right.

> Decree affirmed and appeal dismissed at the costs of the appellant.