207   511
f218   70

## Kirker *v.* Wylie, Appellant.

*Mortgage—Conveyance subject to mortgage—Act of June* 12, 1878, *P. L.* 205.

Where a grantee of land takes a conveyance of the same subject to two mortgages which he " assumes and agrees to pay, they being part of the consideration hereto," the grantee will be liable to the grantor if the latter is compelled to pay one of the mortgages, and this is the case even if the liability has accrued after the grantee has parted with his title.

Argued Oct. 30, 1903. Appeal, No. 103, Oct. T., 1903, by defendant, from order of C. P. No. 1, Allegheny Co., Dec. T., 1902, No. 994, making absolute rule for judgment for want of a sufficient affidavit of defense in case of John W. Kirker v. Daniel W. Wylie. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Supreme Court states the case.

· *Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*S. A. Johnston* for appellant, cited : Merriman v. Moore, 90 Pa. 78; Moore's App., 88 Pa. 450.

*George N. Chalfant,* for appellee, cited : Blood v. Crew Levick Co., 177 Pa. 606 ; Burke v. Gummey, 49 Pa. 518; Old Colony Trust Co. ·v. Allentown & Rapid Transit Co., 192 Pa. 596 ; McAbee v. Cribbs, 194 Pa. 94; Lennox v. Brower, 160 Pa. 191 ; Moore's App., 88 Pa. 450 ; Fisler v. Reach, 202 Pa. 74 ; Easby v. Easby, 180 Pa. 429.

OPINION BY MR. JUSTICE FELL, January 4, 1904 :

The plaintiff conveyed to the defendant a tract of land on which there were two mortgages, one given by a former owner and one by the plaintiff. The conveyance was made " subject to two certain mortgages now on said property, amounting to $13,000, which the said second party assumes and agrees to pay, they being part of the consideration hereto." After the defendant had parted with the title, the first mortgage was foreclosed, and the land was sold by the sheriff, the sale discharging the second mortgage. The plaintiff was sued on his bond, which accompanied the second mortgage, and paid the judgment obtained against him. He brought this action to recover the amount of his loss occasioned by the defendant's failure to pay the second mortgage. The single question raised by the appeal is whether the agreement contained in the deed imposes a liability that can be enforced against the defendant.

Before the Act of June 12, 1878, P. L. 205, the words " under and subject " in a conveyance were construed as a covenant of indemnity for the protection of a grantor, and one who purchased land directly subject to his grantor's mortgage made the debt as between them his own, and assumed to protect his grantor : Burke v. Gummey, 49 Pa. 518 ; Moore's Appeal, 88 Pa. 450 ; Merriman v. Moore, 90 Pa. 78. The purpose of the act of 1878 was to relieve the grantee from an implied liability arising from the use of the words " under and subject." The first section of the act provides that a grantee of real estate shall not be personally liable for the payment of a ground rent, mortgage, or other incumbrance to which the land is subject, unless by agreement in writing or express words in the deed of conveyance he shall have assumed a personal liability. The defendant in this case did expressly assume the payment of the mortgage as a part of the consideration, and his agreement on the subject is as clear as words can make it. This section of the act certainly furnishes him no protection.

It is argued, however, that the defendant is relieved by the second section of the act, having parted with the property in good faith and not having assumed a continuing liability. The second section provides that " the right to enforce such personal liability shall not inure to any person other than the

person with whom the agreement was made, nor shall such personal liability continue after the said grantee has bona fide parted with the incumbered property, unless he shall have expressly assumed such continuing liability." The liability assumed, which the grantee agreed to pay, was a part of the consideration for the conveyance. It was as much a continuing liability as an obligation to pay a fixed sum of money, and it could be discharged only by payment.

The judgment is affirmed.