Grossman et ux., Appellants, *v.* Grubb.

Argued April 24, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Wm. C. Findley,* for appellant.

*W. H. Martin,* and with him *John Murrin* and *W. Z. Murrin,* for appellee.

PER CURIAM, July 10, 1930:

Maria Grubb, the defendant, sold a property to Grossman and wife, taking a mortgage of $2,000 for part of the purchase money. The Grossmans sold to McCauley and Winkler subject to $1,600, the balance still due on the mortgage, who gave a purchase money mortgage for $3,400 to the Grossmans. There was a dwelling which was insured for $1,400 and the contents for $1,000. The building was destroyed by fire and Maria Grubb received $1,393 on account of her mortgage and McCauley and Winkler the sum of $930.23 on account of the destruction of the personal property. McCauley and Winkler paid the remainder of the mortgage to Maria Grubb.

The Grossmans by bill in equity asked the court to enter a decree ordering the satisfaction of the mortgage. The court below refused the relief. We quote from its opinion: "By their purchase of said land subject to said mortgage McCauley and Winkler became obligated for payment of the same, and if, on foreclosure of said mortgage any deficit remain the plaintiffs herein could recover the amount thereof in an action against their grantees: Lowry v. Hensel, 281 Pa. 572; Kirker v. Wylie, 207 Pa. 511. This situation, however, has not arisen and under the averments of plaintiff's bill cannot arise, as it appears thereby that the said mortgage has been paid in full, in part by the insurance company on account of the policy of insurance, and in part by the plaintiffs' vendees, from which it results that no liability has attached or can attach to the plaintiffs on account of the said mortgage, and having conveyed the premises to McCauley and Winkler subject to said mortgage, it would not seem that the plaintiffs, have any interest whatever, as the matters now stand, which would give them standing in

law to ask for a decree for the satisfaction of said mortgage. Said mortgage has been paid without any contribution on their part and the land is no longer owned by them, and whilst it is true that the unsatisfied mortgage is a cloud upon the title of the land described in the mortgage, yet under the facts averred in plaintiffs' bill they are no longer interested in that fact, having conveyed the land subject to the mortgage. Were the present owners of the land to ask for satisfaction of the mortgage the situation would be different, but as the matter now stands it does not appear that the plaintiffs' are proper parties to ask for decree of satisfaction. Unless, therefore, plaintiffs' bill is amended so as to bring proper parties upon the record it will be the duty of the Court to dismiss the bill.''

What further transpired appears in the order of the lower court which is as follows: ''Now, September 28, 1929, the foregoing motion made in open court, and it appearing that more than thirty days have intervened since the filing of the former order of court wherein it was decreed that unless the plaintiffs' bill was amended within thirty days from that date so as to bring upon the record parties competent to ask for the satisfaction of said mortgage, plaintiffs' bill would be dismissed, and it further appearing that the plaintiffs have failed to so amend said record, and it further appearing that the paper this day filed by the plaintiffs as an amended bill of complaint does not comply in any respect with the said previous order, in that there is no introduction upon the record of the parties legally entitled to prosecute said proceedings, and it further appearing that the averments contained in the said amended bill of complaint are substantially a repetition of those contained in the original bill of complaint, the said motion granted, and it is now ordered and decreed that the said bill of complaint be and the same is hereby dismissed.''

We can see no reason why the plaintiffs did not bring

in the parties really interested as suggested by the court. The reason why that course should have been pursued is clearly set forth in the portion of Judge GALBREATH's opinion above quoted.

The decree of the lower court is affirmed; appellant to pay the costs.