## Britton *v*. Roth, Appellant.

Argued September 26, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*W. Pitt Gifford,* of *Gunnison, Fish, Gifford & Chapin,* for appellant.

*Elmer L. Evans,* with him *Clarence T. Bryan,* of *Bryan & Evans,* for appellee.

OPINION BY MR. CHIEF JUSTICE FRAZER, November 27, 1933:

August 21, 1914, Ray W. Britton and Archie K. Britton executed and delivered to Sabina L. Bannister a

mortgage and an accompanying bond for $2,400, as part consideration for real estate in the City of Erie purchased by them on that date. February 24, 1915, Ray W. and Archie K. Britton conveyed the same land by warranty deed to appellant, John Roth. The deed stated the consideration to be "one ($1.00) Dollar and the assumption and payment of the mortgages hereinafter stipulated." At the end of the description of the property conveyed was the following recital: "This conveyance is also made subject to a mortgage for Twenty-four Hundred ($2400.00) Dollars, made and executed by the first parties to Sabina L. Bannister, which mortgage the said party of the second part hereby assumes and agrees to pay." Roth took no part in the negotiations leading up to the conveyance and was not known to the Brittons. The transaction was consummated by Charles A. Mertens, an attorney, who dealt with Ray W. Britton on behalf of himself and one Simon Williams. The deed was drawn to Roth as grantee without his knowledge or consent, but before it was recorded Mertens informed him of what had occurred and requested him to hold legal title to the property in trust for the beneficial owners. Roth agreed to do so and on March 8, 1915, executed a declaration of trust setting forth that, as grantee in the deed from the Brittons, he held the premises in trust for Simon Williams and Charles A. Mertens in equal shares. The deed was then recorded on March 10, 1915. The uncontradicted testimony of defendant indicates that Mertens did not inform Roth of the assumption-of-the-mortgage clause contained in the deed at the time he requested the latter to execute the declaration of trust. Roth avers the deed was not delivered to him, that he never saw it, did not record it, had no knowledge of its contents, did not agree to assume the mortgages therein recited, and had no interest whatsoever in the property. It also appears that Roth at no time paid taxes assessed against the premises nor exercised acts of ownership in the property. Mertens and Williams are now both dead.

Nothing occurred to affect the relations of the parties for nearly ten years. Then, on September 19, 1924, upon being informed by Mertens the mortgage was about to be assigned to one Thomas Becher, Roth executed a certificate of no defense to payment of the mortgage indebtedness and therein further recited that he was the owner in fee of the premises described in the encumbrance. However, it does not appear that Britton, the plaintiff, had knowledge of this instrument until the time of the trial, nor does the record disclose that he was informed of the trust agreement executed by Roth in 1915 until that time. In 1931, interest on the indebtedness was defaulted, whereupon judgment was entered upon the bond accompanying the mortgage, execution issued and the personal property of Ray W. Britton was levied upon, as well as the land described in the mortgage. The sheriff's sale of the real estate brought only $550, the property being bought in by the holders of the mortgage for taxes and costs. To protect his personal property, Britton was compelled to pay the deficiency judgment, and having done so, he thereupon brought suit against Roth, his grantee, for reimbursement under the assumption-of-mortgage clause contained in the deed. At the trial, the facts were developed as already outlined and the jury rendered a verdict for plaintiff in the amount claimed, under binding instructions from the court. Defendant appeals from refusal of his motion for judgment n. o. v. and for a new trial.

The issue thus presented for our consideration may be stated as follows: Is the grantee of mortgaged premises liable to his grantor for the amount of the mortgage debt where the deed contains a clause by which the grantee assumes and agrees to pay the mortgage, even though he is but a dry trustee of the property and is unaware of the assumption-of-mortgage provision in the deed? The answer to this question depends upon whether the facts indicate subsequent conduct on the part of grantee of such nature as to impress upon him constructive knowledge

of the covenants of the deed despite his denial as to information of such agreement.

The law is well settled that the grantee of mortgaged premises takes them with a contingent liability to reimburse his grantor for any loss arising through nonpayment of the mortgage debt, where the deed recites that the conveyance is "under and subject" to the mortgage on the property: May's Est., 218 Pa. 64; Lowry v. Hensal, 281 Pa. 572. A fortiori, the liability of the grantee to his grantor is no less where the grantee personally assumes and agrees to pay the mortgage. In the latter situation, however, the liability of the grantee also extends to the mortgagee, who may recover the mortgage debt upon default by an action in the name of the grantor to the use of the mortgagee: Blood v. Crew Levick Co., 177 Pa. 606. Since the Act of June 12, 1878, P. L. 205, no personal liability exists on the part of the grantee to the mortgagee unless the deed of conveyance contains express words stating the grant is made on condition of grantee assuming personal liability or unless the mortgage is personally assumed by an agreement in writing. The act did not affect the rights of the parties as between grantor and his grantee: Lennox v. Brower, 160 Pa. 191; May's Est., supra.

The liability of grantee to reimburse his grantor for any loss growing out of the mortgage debt is based on "the rule that where a mortgage debt, created by the vendor of real estate, is made part of the consideration to be paid, or assumed by the vendee, the recital in the deed to the vendee that the conveyance is made 'under and subject' to the mortgage debt, implies an obligation by the vendee to indemnify the vendor against any liability by reason of that debt, and that the liability thus arising is not simply de terris, but is coextensive with the original obligation": May's Est., supra, page 69. See also, Burke v. Gummey, 49 Pa. 518; Moore's App., 88 Pa. 450; Kirker v. Wylie, 207 Pa. 511; Dobkin v. Landsberg, 273 Pa. 174, and cases there cited. The lia-

357

bility of the grantee is predicated upon a payment in good faith by the grantor in relief of the mortgage debt, but the payment need not be in cash: Borowsky v. Margulis, 310 Pa. 420.

It is clear, accordingly, that the general rule imposes liability on the grantee to indemnify his grantor. What, if anything, makes this case an exception? Appellant argues that the liability extends only to a grantee who goes into possession or obtains the beneficial ownership of the property and that there is no liability upon a dry trustee of the mortgaged premises.

Appellant relies strongly upon Girard Life Ins. & Trust Co. v. Stewart, 86 Pa. 89, to establish his contention. But in that case the suit was by the mortgagee against the grantee, and in stating that "the criterion of personal liability, for an encumbrance to which property is subjected, appears to be the contract or consent of the purchaser to become bound for it where the debt forms a part of the price or consideration he is to pay for the encumbered property," we did not impinge upon the principle which requires a vendee to indemnify the vendor of mortgaged premises for any loss arising out of the sale on account of the mortgage debt. Moreover, in the Girard Case it appears from the reporter's statement of the facts that, at the time of the conveyance to Stewart, the grantor knew the conveyance was made to him as trustee as an accommodation to the real party in interest. In the present case, Britton, the plaintiff, had no knowledge of the declaration of trust executed by Roth until sixteen years after the conveyance. During those years he rested secure in the belief that the record title holder would indemnify him for any loss he might suffer on his original obligation. Had he known the true state of facts he might have demanded security from the beneficial owners, but with property values altered and the real owners both dead, it is inequitable to compel him now to lose the protection he had every reason to believe he possessed during all that period.

Appellant insists that he is the innocent party and that, having taken no part in the negotiations leading up to the conveyance and having never received the deed, he cannot be held upon a personal covenant therein solely by reason of his agreement to become grantee of the premises in trust. Although some courts have considered the equities of an involuntary trustee to be higher than those of his grantor in similar situations,—see Gill v. Robertson, 18 Colo. App. 313; Culver v. Badger, 29 N. J. Eq. 74,—we do not so regard the relations between the parties. Appellant either relied upon the representations of Mertens to his peril or else he was negligent in failing to apprise himself of the provisions of the deed which were a matter of public record.

Moreover, the fact that in 1924 Roth executed a certificate of no defense is further ground for believing he knew or should have known of the assumption-of-mortgage clause in the deed. Although this paper in itself is not an agreement to assume the mortgage (Taylor v. Mayer, 93 Pa. 42) and creates no estoppel in appellee's favor since it was unknown to him and not relied upon to his detriment by any change of position (Griffiths v. Sears, 112 Pa. 523), nevertheless it is evidence of the fact that appellant was put on warning of the mortgage obligation in time to protect himself had he acted promptly. So far as concerns the declaration in the certificate of no defense that appellant was the owner in fee, there can be no estoppel, for the reasons just stated. But in the absence of fraud, appellant cannot deny knowledge of that which the plain language over his signature sets forth, i. e., the existence of a mortgage upon the premises. The certificate of no defense is sufficient evidence of appellant's knowledge of the provisions of the deed to him, and even though this information was acquired subsequent to his execution of the declaration of trust, together with that instrument, it is sufficient to constitute a ratification of the act of Mertens in binding him with a personal obligation. Appellant is precluded

from denying knowledge of the contents of the deed of conveyance since he was clearly warned of its provisions and made no objection.

No other result than that already indicated in this case can be tolerated if the sanctity and validity of record titles is to be upheld. If the vendor of mortgaged premises, who in many instances relies upon the financial responsibility of his vendee as a prime inducement for the sale, were to be deprived of the indemnity contemplated in the deed by a secret trust arrangement not disclosed until the beneficial owners are dead, there would be no stability in recorded titles and the opportunities for fraud would be unlimited.

The judgment of the court below is affirmed; costs to be paid by appellant.