Ronca et al. *v.* British & Foreign Marine Insurance Company, Ltd., Appellant.

Argued January 29, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

450

 

*Arthur S. Arnold,* with him *Chidsey, Maxwell & Frack,* for appellant, cited: Lee v. Gibbons, 14 S. & R. 105, Sweigert v. Berk, 8 S. & R. 308, Boggs v. Curtin, 10 S. & R. 211, Meason v. Kaine, 67 Pa. 126, and Webb v. Gorman, 66 Pa. Superior Ct. 166, on parties plaintiff; and Hazel Drug Co. v. Wilner, 284 Pa. 361, on admissibility in evidence of the certificate of title of one assured.

*Everett Kent,* with him *George F. Coffin, Jr.,* for appellee, cited: Meason v. Kaine, 67 Pa. 126, on parties plaintiff.

OPINION BY MR. JUSTICE KEPHART, March 19, 1934:

Appellant issued its policy of insurance to Ronca and De Franco, insuring for $3,000 a truck against fire and other hazards, the loss, if any, payable "as interest may appear to assured and Monroe Stauffer." The truck described in the policy was destroyed by fire, and Stauffer, who held a "bailment" lease, entered judgment against Ronca and De Franco, on which an attachment was issued summoning appellant as garnishee. This was to recover $2,234.55, the balance of the truck's purchase price, owed by Ronca and De Franco.

Ronca, in his own right and as assignee of De Franco, and Monroe Stauffer in his own right, instituted an action in assumpsit against appellant. The court below

consolidated the cases and tried them together; two verdicts were taken at the court's direction, one for Monroe Stauffer in the sum of $2,234.55, the other for Ronca for $3,155; the court stating that appellant would not be held for more than the full amount of the policy and interest.

It is contended the court below improperly exercised its well-recognized discretion to consolidate cases pending before it, since it consolidated cases which "are between different parties arising out of different rights and with different issues." There was but one issue before the court. It arose from the insurance policy. The matters contended for by appellant were collateral and their introduction would confuse the issue which was: Did defendant owe plaintiffs, or any of them, under the policy, for the loss sustained? The same parties, being all the parties, were involved in both cases, and the same subject-matter grounds each. The answer to the same question is determinative of each, and no confusion can result because Stauffer's right against the assured was dependent upon that right against appellant. There was no abuse of the trial court's discretion to consolidate.

Appellant urges that there is a nonjoinder of parties plaintiff in the action brought by Ronca, because De Franco is one of the assured, but is not a party plaintiff. It is true the right of Ronca and De Franco on the policy was joint. The assignment by De Franco, however, transferred his right to Ronca. An assignee, by verbal or written assignment of a chose in action growing out of a fire insurance policy, may sue as any other assignee: 26 C. J. 486, 445. To that end Ronca sued in his own right as one of the assured, and as assignee of De Franco, the other assured. The assignor is not a necessary party although undoubtedly an assignee should, as a general proposition, sue in the name of his assignor. This court has pointed out in many cases, as recently as in Paxos v. Jarka Corp., 314 Pa. 148, that litigation will not be

prolonged or confused by insubstantial objections to the form of statement of plaintiffs. The record, if necessary, may be treated as amended in this court: Methodist Episcopal Church of Franklin v. Equitable Surety Co., 269 Pa. 411, 415. The only purpose of requiring an assignee to bring action in his assignor's name is to make the assignor a party of record in order to protect the defendant against future liability. Ronca sought an amendment in this court. We are unable to see possible cause of complaint by appellant on this score. The assignment to Ronca was amply proved. Appellant relies on Bowers Co. v. London Assur. Corp., 90 Pa. Superior Ct. 121, to sustain its contention of nonjoinder. That case holds that one of two jointly insured under a policy may not sue alone to enforce it, but all must be joined as parties plaintiff. With this we agree; but, where one of two jointly insured assigns his interests to the other and suit is brought by the latter in his own name and as assignee of the other, the entire interest under the policy is before the court. The company issuing the policy is subjected to no possibility of double liability or multiplicity of suits. The interest of the assignor is before the court and it is subject to all the defenses which can be made against him. The force of the joint obligation is preserved.

The policy declared that there were no liens or encumbrances upon the insured property other than those listed, and none were listed; but it is shown that Stauffer is the legal owner under a conditional sales agreement with a confession of judgment attached thereto, and, as such, claims the larger portion of the insurance moneys. Appellant maintains this is a breach of warranty by the assured. In paragraph "B" of the policy, the loss, if any, is to be paid to the assured and Monroe Stauffer, as their interests appear. This clause gives ample notice to appellant of Stauffer's interest. It is well established that where an insurance company knows or has reason to know, at the time it issues a policy, that

one of the conditions thereof is inconsistent with the facts and the insured is guilty of no fraud, the company may not set up such facts as a breach of the condition: Damms v. Humboldt Fire Ins. Co., 226 Pa. 358; Russell v. Farmers Mutual Fire Ins. Co., 272 Pa. 1; Hoffman v. Mutual Fire Ins. Co., 274 Pa. 293; Thomas v. Employers' Liability Assur. Corp., 284 Pa. 129; Wood on Insurance, section 497.

At the trial, plaintiff Ronca testified that he and De Franco bought the truck, for the purpose of establishing ownership of the truck at the time of purchasing the insurance and of the loss. The insurance policy required title to the truck to be in assured solely and unconditionally except as set forth in the policy. Appellant offered in evidence an application for a certificate of title and an assignment thereof, verified by De Franco, in which De Franco swore he was the real owner, not he and Ronca. Appellees' objection to this offer was sustained. While the real purpose of the offer was not stated of record, there was no request for it and appellant here urged the offer was substantive proof and affected credibility generally. The rejection of this evidence was error. While the application and assignment were by no means conclusive on the question of ownership, they were admissible. With the offer in evidence, had the jury believed that Ronca was not the owner of the truck jointly with De Franco, the terms of the policy would have been breached; Ronca would have no insurable interest therein. This sworn statement was an admission by one of the policyholders as to ownership.

Appellant's contention that there was no proof as to the amount of the loss is without merit. The testimony of Ronca and his uncle was enough to raise a prima facie case which, undisputed, was sufficient.

Judgment reversed and a new trial awarded.