## Frey, Appellant, *v.* United Traction Company of Pittsburgh.

Argued October 10, 1935.   Before FRAZER, C. J., KEP-
HART, SCHAFFER, MAXEY, DREW, LINN and BARNES,. JJ.

*Ernest Frey,* with him *R. A. & James Balph,* for ap-
pellant.

*Robert L. Kirkpatrick,* with him *Maynard Teall, E. P. Griffiths* and *Edwin W. Smith,* of *Reed, Smith, Shaw & McClay,* for appellee.

OPINION BY MR. JUSTICE LINN, November 25, 1935:

This appeal is from the refusal of judgment for want of a sufficient affidavit of defense.

The suit is for the amount of certain bonds issued by the Second Avenue Traction Company pursuant to a mortgage or deed of trust dated December 1, 1894. The defendant is United Traction Company of Pittsburgh. For convenience, the former company will be referred to as Second and the defendant as United. When the bonds matured in 1934 payment was demanded and was refused. Plaintiff avers that by deed dated June 29, 1897, Second sold its interests in certain street railway company leaseholds and other property to United. When sold, the property was subject to the lien of the mortgage or deed of trust referred to, as security for the bondholders; the deed recites that the property transferred is subject to the bonded indebtedness; it also provides that United "hereby assumes and agrees to pay at maturity all the obligations of 'Second Avenue.' "

Defendant admits that it agreed to pay the obligations of Second, that plaintiff is holder of the bonds in suit, and that they have not been paid. In defense it avers that its promise to pay the debts of Second was made to Second and that suit will therefore not lie at the instance of the plaintiff; that the sale by Second to United is within the Act of June 12, 1878, P. L. 205, entitled, "To define the liability of grantees of real estate for the encumbrances thereon" by the terms of which (so defendant contends) a grantee assuming personal liability for the payment of the mortgage debt of a grantor secured by the land conveyed is not answerable to a creditor in plaintiff's position.

We all agree that no defense on the merits is stated; the procedural defect arising from suit in his own name,

if considered a defect, can be treated as corrected by amendment in this court.

It is not clear from the record that the contract by which Second transferred this property to United is a conveyance of real estate within the meaning of the words used in the Act of 1878, supra. If it is not, certainly no defense is averred against the right of the plaintiff to sue as a creditor of Second whose debts defendant agreed to pay: Com. ex rel. v. Great American Indemnity Co., 312 Pa. 183, 167 A. 793; Copeland's Est., 313 Pa. 25, 169 A. 367; Philipsborn v. 17th & Chestnut Holding Corp., 111 Pa. Superior Ct. 9, 169 A. 473. But we shall assume for present purposes (though without deciding the point because it was not argued) that the transaction is within the Act of 1878. It is settled by the decisions of this court that where the grantee of real estate expressly assumes a personal liability, or where there are express words in the deed of conveyance stating that the grant is made on condition that a grantee assume such personal liability, for the payment of an encumbrance, the grantee is liable to the creditor in an action brought in the name of the grantor-debtor, to the use of the encumbrance creditor, against the grantee-promisor: Britton v. Roth, 313 Pa. 352, 169 A. 146; McCurdy's Est., 303 Pa. 453, 154 A. 707; Ruzyc v. Brown et al., 320 Pa. 213. See also Fair Oaks B. & L. Assn. v. Kahler, 320 Pa. 245. As, in this view of the case, the action must be brought in the name of the legal plaintiff, we shall regard this record as amended to read —The Second Avenue Traction Company to the use of Ernest A. Frey v. United Traction Company of Pittsburgh: see, M. E. Church of Franklin v. Equitable Surety Co., 269 Pa. 411, 415, 112 A. 551; Ronca v. B. & F. Marine Ins. Co., 314 Pa. 449, 451, 172 A. 475.

United also contends that a bondholder may not recover without first establishing that the encumbered property is insufficient to pay his debt, and that, as it does not appear that foreclosure has taken place, the

amount of defendant's liability, if any, cannot now be ascertained. The contention finds no support in the contract. It provided for the transfer to the defendant of all Second's assets in "consideration of the payment of all of its obligations as they mature of every character, and the assumption by 'United' [defendant] of all of 'Second Avenue's' covenants and agreements. . . ." Among the obligations assumed and expressly mentioned in the agreement, were the bonds secured by the mortgage. It provided for the issuance of bearer bonds payable December 1, 1934. While it was stipulated that action by the mortgage trustee was necessary for foreclosure, entry and operation of the street railways system, or receivership proceedings, no restrictions on the right of a bondholder to sue at maturity were imposed in the bond or in the mortgage. As Second's liability at maturity of the bonds was absolute immediately to pay them, and as the defendant expressly undertook their payment, United will not be heard to say that foreclosure must precede performance of its obligation; the contention fails because the contract does not provide for the condition now sought to be injected. As the effect of the contract is to make defendant an indemnitor against liability, it is bound to pay when the liability arises, viz., on the maturity of the bonds. Indeed, when it is considered that the effect of the transfer of the property by the agreement of 1897 was to place apparently all the assets of Second under the control and management of United, it must have been intended, as the contract suggests, that United should receive possession taking the burdens with the benefits exactly as Second had held it.

Neither bond nor mortgage prohibits suit by a bondholder on his bond. But, as the mortgage was made for the protection of all the bondholders, ratably, the plaintiff, by the terms of the contract, is not entitled to execution against any of the property mortgaged or pledged so long as other bonds secured by the same property are unpaid and entitled to the benefit of the security. Ex-

ecution, if any, must be controlled accordingly: Com. v. Susquehanna & D. R. R. Co., 122 Pa. 306, 15 A. 448; Western Pa. Hospital v. Mercantile Library Hall Co., 189 Pa. 269, 42 A. 183.

The order appealed from is reversed, the record is remitted to the end that judgment be entered for the plaintiff for such sum as to right and justice may belong unless (Act of April 18, 1874, P. L. 64; Wood v. Kerkeslager, 227 Pa. 536, 538, 76 A. 425; Mancia v. Marquette Nat. Fire Ins. Co., 280 Pa. 174, 124 A. 333) other legal or equitable cause be shown to the court below why such judgment should not be so entered.