## Steinert *v.* Galasso, Appellant.

Argued September 26, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Thomas L. Kane*, with him *John M. Gallagher*, for appellant.

*Benjamin Jacobson*, with him *Morris B. Greenberg*, for appellee.

OPINION BY MR. JUSTICE LINN, November 14, 1949:

Galasso, the defendant, appeals from judgment on the pleadings. Plaintiff is mortgagee of a purchase money mortgage made by Robert Wasyl, dated October

6, 1928, securing a debt payable in three years. After reducing the principal to $1,700, he conveyed the mortgaged property to the defendant, Galasso, in 1937 subject to the balance due, Galasso assuming and agreeing to pay the debt. Such liability continues until the debt is paid: *Kirker v. Wylie*, 207 Pa. 511, 56 A. 1074 (1904). In 1945, after expiration of the mortgage term, defendant conveyed the property to Maurice Murphy, who also assumed and agreed to pay the debt. Wasyl died in 1937; the mortgage has not been foreclosed; no proceedings to collect were taken against him; no letters testamentary or of administration have issued. We have, then, a suit by the mortgagee against the mortgagor's grantee who had assumed a continuing liability and had conveyed the property to another. The defendant has not averred that his conveyance was bona fide though we predicate nothing on that omission.

In his brief the appellant-defendant states his position as follows: "The proper procedure by a mortgagee to hold a grantee to his covenant in a deed is to have the suit brought in the name of the mortgagor to the use of the mortgagee; this can only be done by and with the consent of the mortgagor; the plaintiff has not done so. The mortgagee sues directly in her own name. By the second section of the Act of 1878, 'The right to enforce such personal liability shall not enure to any person other than the person with whom such an agreement is made, etc.' [the rest of the section is quoted below[1]]. As the plaintiff mortgagee is not a person with whom the covenant in the deed from Wasyl to Galasso was made, she is directly excluded by the statute from bringing an action against Galasso to enforce the agree-

---

[1] "Section 2. The right to enforce such personal liability shall not enure to any person other than the person with whom such an agreement is made, nor shall such personal liability continue after the said grantee has bone fide parted with the encumbered property, unless he shall have expressly assumed such continuing liability."

ment; and as the statute must be strictly pursued, she cannot maintain her present suit."

In other words, defendant contends that section 2 of the Act of June 12, 1878, P. L. 205, 21 PS 655, 656, disqualified plaintiff-mortgagee from enforcing, in this suit, defendant's promise to pay the debt. He contends that, within the words of the statute, he "has bona fide parted with the encumbered property" and that his assumption was not a "continuing liability." This contention was properly rejected by the common pleas of Allegheny County, whose judgment for plaintiff was affirmed by the Superior Court: 163 Pa. Superior Ct. 576, 63 A. 2d 443 (1949). While we agreed with the judgment, we allowed this appeal to consider Rules of Civil Procedure referred to in the opinions filed by both courts below.

It is settled that by taking "under and subject" without more, the grantee agrees to indemnify his grantor against loss and that a grantee who, (in the words of the Act of 1878) "shall, by an agreement in writing, have expressly assumed a personal liability" for the debt, thereby agrees to indemnify not merely against loss but against liability: *Ruzyc et ux. v. Brown et ux.*, 320 Pa. 213, 181 A. 783 (1936). In taking "under and subject," the grantee assumes an obligation enforceable when (but not before) the grantor sustains a loss, but in cases of agreement to pay the debt, the grantor's liability to his creditor may be enforced when the debt matures and remains unpaid, without waiting until the grantor has paid.

It is also settled that, to avoid circuity of action, such indemnity contracts may be enforced in a single suit in the name of the mortgagor (Wasyl) to the use of the mortgagee (plaintiff) against the grantee (defendant). *Frey v. United Traction Co. of Pittsburgh*, 320 Pa. 196, 181 A. 775 (1935). The use-suit is familiar procedure, probably originating in this Commonwealth

as an incident of administering equity under common law forms. In *Ruzyc v. Brown*, 327 Pa. 61, 64, 192 A. 876 (1937), we said: " 'It is the settled doctrine of our decisions since the Act of June 12, 1878, P. L. 205, that while the covenant implied from a conveyance "under and subject," without more, is an agreement to indemnify against loss, the obligation is more comprehensive when the grantee expressly agrees to pay the mortgage debt; in such cases the obligation is to indemnify against liability. When the debt matured and defendants failed to pay they became liable on their contract with the grantors. . . .' The action was properly brought in the name of the grantors to the use of the mortgagee: Britton v. Roth, 313 Pa. 352, 356; Frey v. United Traction Co. of Pittsburgh, 320 Pa. 196, 199. The mortgagee might also have brought suit in her own name as beneficiary of the contract by which defendants expressly assumed payment of the mortgage debt: Fair Oaks Building & Loan Association v. Kahler, 320 Pa. 245, 252."

Defendant's submission recognizes the use procedure, but he argues that the mortgagee-plaintiff can only bring such a suit "by and with the consent of the mortgagor"; and, not having done so, the judgment is without support. The argument continues that as Wasyl, the mortgagor, is dead, and as no administration has been raised, there is no nominal or legal plaintiff to consent and therefore his obligation cannot be enforced although he has no defense on the merits. His suggestion must be rejected. He has no defense. His agreement to pay the debt which was then overdue, created liability which continued until the debt was discharged; it was a continuing liability as the words were used in section 2 of the Act of 1878; *Kirker v. Wylie*, 207 Pa. 511, 56 A. 1074 (1904). It created an obligation to the mortgagee creditor beneficiary: *Fair Oaks B. & L. Ass'n v. Kahler*, 320 Pa. 245, 181 A. 779 (1936).

Neither Wasyl, if living, nor his personal representative, would be heard to object to becoming the legal plaintiff in a suit-to-use because the judgment in such suit discharging the obligation, was for the benefit of Wasyl or his estate: see *Guaranty Co. v. Powell*, 150 Pa. 16, 18, 24 A. 345 (1892). In such circumstances this court has treated the suits as if brought to the use. In *Patton et al. v. Pitts., Cinc. & St. Louis Rwy. Co.*, 96 Pa. 169 (1880) at p. 174, it was said, "When the amendment is a formal one, introducing no new or different cause of action, depriving the opposite party of no substantial right, and which ought to have been made in the court below, it will be considered in this court as having been made. . . ." In *Methodist Episcopal Church v. Equitable Surety Co.*, 269 Pa. 411, 415, 112 A. 551 (1921), the language of the Court was, ". . . the record may be amended, or treated as amended, in the appellate court, so as to conform to the requirements of the law as to the names of the parties . . . [citing cases] . . ." In *Ronca v. B. & F. Marine Ins. Co.*, 314 Pa. 449, 452, 172 A. 475 (1934) the Court said: "The record, if necessary, may be treated as amended in this court." In *Frey v. United Traction Co.*, 320 Pa. 196, 199, 181 A. 775 (1935), we said the Court would ". . . regard this record as amended. . . ." In *Fair Oaks B. & L. Ass'n v. Kahler*, 320 Pa. 245, 252, 181 A. 779 (1935), KEPHART, J., said, ". . . in some instances we have permitted a direct action in the mortgagee's own name after foreclosure." The plaintiff-mortgagee, as creditor of Wasyl, has a right to raise the administration on Wasyl's estate. But there will be no advantage in requiring that for the mere purpose of obtaining the name of the personal representative to be used in amending the title to this suit. As Wasyl's estate is benefited by the discharge of the obligation, we shall treat the record as amended. We must reject the defense based on that phase of procedure.

It is unnecessary to refer to the development of the law in this Commonwealth allowing the real party in interest to sue in his own name instead of recovering in a suit to his use. The rule now is that stated in Restatement, Contracts, sections 133, 134, 135; *Com. v. Great American Indemnity Co.*, 312 Pa. 183, 167 A. 793 (1933); *McClelland et al. v. Casualty Co.*, 322 Pa. 429, 185 A. 198 (1936).

Rule 2002 of the Pa. Rules of Civil Procedure (332 Pa. lxxiii) provides: (a) Except as otherwise provided in clauses (b) and (c) of this rule, all actions shall be prosecuted by and in the name of the real party in interest, without distinction between contracts under seal and parol contracts. . . . (c) Clause (a) of this rule shall not apply to actions where a statute or ordinance provides otherwise."

The Superior Court in applying the words of Rule 2002 requiring that "all actions shall be prosecuted by and in the name of the real party in interest . . ." as qualified by clause (c) excluding "actions where a statute [2] or ordinance provides otherwise," referred to, and apparently treated as binding, a comment made by the Rules Committee. The Superior Court said, "Appended to the rule promulgated in 332 Pa. lxxiv is a note: 'Because of the Act of June 12, 1878, P. L. 205, Sec. 2, 21 PS 656, which limits the enforcement of an assumption of encumbrance to a suit by the promisee, suit by a mortgagee to enforce an assumption of mortgage will be brought under this rule, as under prior practice, in the name of the mortgagor to the use of the mortgagee.' " The Court then added that the mortgagor, Wasyl's death made it impossible for him to consent to be the legal plaintiff and that ". . . it would

---

[2] For example: suit on a bond given pursuant to the Act of May 31, 1911, P. L. 468, *Commonwealth of Pennsylvania, to use, v. National Surety Co.*, 253 Pa. 5, 97 A. 1034 (1916).

be at least an anomaly to add the name of a deceased party without naming personal representatives" and, having made those observations, concluded that Rule 2002 could not be applied in the circumstances. The Court therefore applied Rule 126 (332 Pa. lxvii) which provides as follows: "The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

We cannot agree with the conclusion of the Superior Court that Rule 2002 is not applicable. Wasyl's personal representative would not be permitted to object to becoming legal plaintiff. Prior to the adoption of the Rules of Civil Procedure, this record would have been considered on appeal as if the amendment had been made in the court below. Rule 2002 superseded actions to the use as theretofore understood excepting where required by the terms of the rule. The comment of the Rules Committee, quoted by the Superior Court, is not applicable because the defendant-grantee's assumption was one of continuing liability. The comments of the Rules Committee were not adopted by this Court and are not binding in the sense that the Rules are binding. At the beginning of the Rules published in 332 Pa. xxxvi, the following appears, "The explanatory notes to these rules were inserted by the Procedural Rules Committee for the convenience of the Bench and Bar; they are not part of the rules and have not been officially adopted or promulgated by the Supreme Court."

Undoubtedly the plaintiff-mortgagee is the real party in interest, as that term is used in Rule 2002. As the defendant expressly assumed such continuing liability

(to use the words of section 2 of the Act of 1878) the right to sue is not restricted by section 2. Resort to Rule 126 was therefore unnecessary.

The judgment is affirmed.