# Roberts *et al. versus* Riddle.

1. A guaranty of the payment of a written obligation "according to its terms," is broken by non-payment when the time of payment arrives, and the guarantor is liable without pursuing the debtor to insolvency.

2. Campbell *v.* Baker, 10 Wright 243, followed.

November 22d 1875.    Before SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Crawford county:* Of October and November Term 1874, No. 158.

This was an action of assumpsit, brought February 14th 1874, by William Riddle against W. B. Roberts, J. W. Humphreys and W. H. Abbott.    The cause of action was a guaranty of bond issued by the city of Titusville.    The bond and guarantee (which was endorsed on it) were as follows :—

"It is hereby certified that the city of Titusville is indebted

[Roberts v. Riddle.]

unto William Riddle in the sum of $10,000, redeemable at the pleasure of the city of Titusville after the 24th day of April 1872, and payable on the 23d day of June 1872, with interest at the rate of eight per cent. per annum. * * * This debt is authorized by the Act of Assembly of the state of Pennsylvania, approved the 8th day of March, A. D. 1872."

"For value received, we, the undersigned, guaranty the payment of the within bond according to its terms.    April 24th 1872."

The guaranty was signed by the three defendants.

The affidavit of defence, filed March 18th 1874, was :—

"W. B. Roberts and W. H. Abbott, being duly sworn according to law, depose and say that they are two of the defendants in this case, and that they, together with their co-defendant, have a full, just, and, as they are informed by counsel, a legal defence to the whole of the plaintiff's claim, the nature and character of which is as follows : That the defendants were simply guarantors for the payment of the bonds of the city of Titusville, upon which suit is brought, and not liable until after the said plaintiff, by due diligence in effort to collect said claim from the said city of Titusville, has failed by reason of the insolvency of said city ; that the plaintiff has not made proper efforts to collect said bonds from the city of Titusville, the obligor, which said city has abundant assets, property and facilities for paying or causing said bonds to be paid."

On the 21st of May 1874, the court entered judgment for the plaintiff for want of a sufficient affidavit of defence ; the damages were liquidated at $12,584.54.

The defendants took a writ of error and assigned for error, entering judgment for want of an affidavit of defence.

*Douglass & M'Coy*, for plaintiffs in error.—A guarantor is liable only if the creditor uses diligence in pursuing the debtor : 3 Kent's Com. 221 ; Johnston v. Chapman, 3 Penna. Rep. 18 ; Rudy v. Wolf, 16 S. & R. 79 ; Gilbert v. Kenck, 6 Casey 205 ; Hoffman v. Bechtel, 2 P. F. Smith 190 ; James v. Scott, 9 Id. 178 ; Brown v. Brooks, 1 Casey 210 ; Woods v. Sherman, 21 P. F. Smith 100.

*J. B. Brawley*, for defendant in error.—A guaranty of contract implies a concurrent act of the original agreement, and when made at the same time becomes the essential ground of credit given to the principal debtor ; the consideration extends to the promise of the principal debtor and also of the guarantor : Snevily v. Johnston, 1 W. & S. 309 ; Amsbaugh v. Gearhart, 1 Jones 482. The guaranty being for the performance of the original contract according to its terms, the guarantor was liable without pursuing the debtor to insolvency : Campbell v. Baker, 10 Wright 245. Such contract is in nature of suretyship : Shannon v. Roberts, 1 Grant 261 ; Ashton v. Bayard, 21 P. F. Smith 134.

[Roberts *v.* Riddle.]

Judgment was entered in the Supreme Court, November 26th 1875,

PER CURIAM.—The terms of the written contract upon which the plaintiffs in error were sued in the court ,below were that they guaranteed the payment of the bond upon which it was endorsed " according to its terms." These terms were that it was payable at a certain day, June 23d 1872. The engagement was then to guarantee the payment of the bond " when due." It was determined by this court in Campbell *v.* Baker, 10 Wright 243, that a guaranty of the payment of a note " when due " is broken by nonpayment at maturity ; and the guarantor is then liable upon his contract to the creditor, who is not bound either to pursue the principal or to show his insolvency. Other cases might be cited sustaining the same principle. The affidavit of defence was therefore clearly insufficient.

Judgment affirmed.