## Motors Mortgage Corporation v. Garletts.

*Principal and guarantor—Promissory note—Guaranty—Pursuing principal—Guaranty of payment when due.*

1. When a guaranty is general, that is, without having any of its terms fixed in the writing, the law adds the usual conditions that there shall be due and unsuccessful diligence used by the creditor to collect the claim from the principal, unless it appear that all diligence would be hopeless. But the law adds or implies no such condition when the parties have themselves fixed the terms of the contract.

2. A guaranty of the payment of a note "when due" is broken by non-payment at maturity, and the guarantor is then liable upon his contract to the creditor, who is not bound either to pursue the principal or show his insolvency.

Statutory demurrer. C. P. Fayette Co., June T., 1923, No. 551.

*Joseph W. Ray, Jr.,* for plaintiff.

*Shelby, Henderson & Hackney,* for defendant.

VAN SWEARINGEN, P. J., Feb. 26, 1924.—This case is before the court at this time on matters raised by an affidavit of defence in lieu of demurrer, in accordance with the Practice Act of May 14, 1915, P. L. 483. The action was to recover on defendant's signature to a written statement on the back of a promissory note for the sum of $1712.75, executed by A. R. Roney on Sept. 2, 1921, payable to C. C. Garletts in ten monthly instalments as provided therein, and on the date mentioned Garletts delivered the same to the plaintiff, having signed the note on the back under the following words:

"For value received, pay to the order of The Motors Mortgage Corporation, Pittsburgh, Pa., and in addition to my (our) obligation as endorser (endorsers) I (we) jointly and severally guarantee payment of this note at maturity, and waive demand, presentation, protest and notice of non-payment thereof.

"(Signed) C. C. GARLETTS, Lessor."

It was conceded that in default of payment of earlier instalments the entire amount of the note had become due when suit was brought.

The affidavit of defence alleged that the statement of claim filed is not sufficient in law for the following reasons: (1) The statement of claim alleges a liability on the part of the defendant as the endorser of a negotiable instrument, whereas in fact the instrument sued on is not a negotiable instrument. (2) The averments of the statement of claim are not sufficient to establish a liability as guarantor on the defendant, since due and unsuccessful diligence to obtain satisfaction from the principal, A. R. Roney, is not averred.

The note contained a power of attorney to confess judgment against the maker "in favor of the holder hereof for such amount as may appear to be unpaid hereon." Whether or not the negotiable character of the note is saved by section 5 of the Negotiable Instruments Act of May 16, 1901, P. L. 194, was not fully argued by counsel, and for that reason is not decided here, but we are of the opinion that the defendant's liability as a special guarantor sufficiently appears in the writing itself. The contract is that the defendant guarantees "payment of this note at maturity" and waives demand, presentation, protest and notice of non-payment thereof. That is equivalent to a guaranty of the payment of the note "when due."

"When a guaranty is general, that is, without having any of its terms fixed in the writing, the law adds the usual conditions that there shall be due and unsuccessful diligence used by the creditor to collect the claim from the principal, unless it appear that all diligence would be hopeless. But the law adds or implies no such condition when the parties have themselves fixed the terms of the contract:" Campbell *v.* Baker, 46 Pa. 243. The principle is stated thus

in the syllabus: "A guaranty of the payment of a note 'when due' is broken by non-payment at maturity, and the guarantor is then liable upon his contract to the creditor, who is not bound either to pursue the principal or show his insolvency." To the same effect, see Roberts v. Riddle, 79 Pa. 468. And see Westinghouse Electric & Manuf. Co. v. Wilson, 63 Pa. Superior Ct. 294, 301.

And now, Feb. 26, 1924, this case having been set down for hearing on questions of law raised in the affidavit of defence, the second question of law so raised is decided against the defendant, with leave to defendant to file a supplemental affidavit of defence to the averments of fact contained in the statement of claim within fifteen days from this date.

From Luke H. Frasher, Uniontown, Pa.

NOTE.—Syllabus by the Court.