## Putnam, Appellant, *v.* Pittsburgh Railways Company.

Argued March 25, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

*John M. Reed,* for appellants.

*Philip A. Fleger,* with him *T. J. Munsch, Jr.,* and *E. P. Griffiths,* for appellee.

*John A. Metz* and *John A. Metz, Jr.,* filed a brief for amicus curiæ.

OPINION BY MR. JUSTICE STERN, May 9, 1938:

Plaintiffs in these cases, being owners of bonds of Pittsburgh, Canonsburg and Washington Railway Company, brought the present actions to recover on an obligation by defendant company guaranteeing "the prompt payment . . . of the principal and interest of the said bonds as the same shall become or be made due and payable, according to the terms of said bonds and of the foregoing mortgage." The mortgage thus referred to was from Pittsburgh, Canonsburg and Washington Railway Company to The Safe Deposit and Trust Company of Pittsburgh as trustee for the bondholders. Defendant filed affidavits of defense which the court held sufficient to prevent summary judgments.

It is not disputed by defendant that its obligation, notwithstanding the use of the word "guarantee," is one of suretyship: *Roberts v. Riddle,* 79 Pa. 468; *Iron City National Bank v. Rafferty,* 207 Pa. 238; *Lincoln Bank of Erie v. Gem City Wholesale Grocery Co.,* 286 Pa. 421. It sets up the defense that the bonds, by their terms, are subject to the provisions of the mortgage securing them, and the mortgage in turn provides that "No owner of any bond or interest coupon hereby secured shall have any right to institute any writ, action or proceeding in equity or at law for the foreclosure of this indenture, or for the execution of any trust thereof, or for the appointment of a receiver, or for any other remedy hereunder," unless such holder shall have previously given to the trustee notice of the default, and the owners of the majority in amount of the bonds shall have made written request upon the trustee to institute such proceeding, and they shall have offered to the trustee indemnity against costs and liabilities, and "such notification, request and offer of indemnity are hereby declared in every such case, at the option of the trustee, to be conditions

precedent to the execution of the powers and trusts of this indenture, and to any action or cause of action for foreclosure, or for the appointment of a receiver, or for any remedy hereunder; it being understood and intended that no one or more owners of bonds or interest coupons shall have any right, in any manner whatever, by his or their action, to affect, disturb or prejudice the lien of this indenture, or to enforce any right hereunder, except in the manner herein provided, and that all proceedings at law or in equity shall be instituted, had and maintained in the manner herein provided, and for the equal benefits of all owners of such outstanding bonds and interest warrants." Defendant contends that its obligation as surety depends upon the right of the holders of the bonds to maintain actions thereon against the principal obligor, and that such right is barred by this clause of the mortgage.

The right of the individual owner of bonds to sue thereon is not affected by provisions of the mortgage securing them unless such provisions exclude the right in express terms or by necessary implication: *Philadelphia & Baltimore Central R. R. Co. v. Johnson*, 54 Pa. 127; *Western Pennsylvania Hospital v. Mercantile Library Hall Co.*, 189 Pa. 269; *Frey v. United Traction Co. of Pittsburgh*, 320 Pa. 196. Here no such exclusion appears. The only limitations in the mortgage are in respect to remedies *"hereunder,"* that is, under the mortgage itself. The context indicates that the remedies thus restricted are those to enforce the security of the mortgage, and have no application to suits on the bonds or on the obligation of suretyship which the trustee would not in any event have the right to institute. The cases cited in the opinion of the court below are readily distinguishable. In *Wagner v. Philadelphia, Bristol & Trenton Street Railway Co.*, 233 Pa. 114, the suit was in equity for the appointment of a receiver, the right to bring which was explicitly restricted in the mortgage by conditions with which plaintiff had not complied. In

*Rittenhouse v. Lukens Steel Co.,* 116 Pa. Superior Ct. 303, there was an express provision in the mortgage that no holder of a bond should have the right to institute any action in equity or at law for the payment of the bond.

Of course, whether plaintiffs were to recover judgments against the principal obligor on the bonds, or, in the present actions, against the surety, they would have no right to issue execution against the mortgaged property itself so long as other bonds remained unpaid and entitled to the benefit of the security: *Commonwealth v. Susquehanna & Delaware River R. R. Co.,* 122 Pa. 306, 321, 322; *Western Pennsylvania Hospital v. Mercantile Library Hall Co.,* supra; *Frey v. United Traction Co. of Pittsburgh,* supra.

The order discharging plaintiffs' rules for judgment for want of a sufficient affidavit of defense is reversed, and the records are remitted to the court below with directions to enter judgments against defendant for such sums as to right and justice may belong, unless other legal or equitable cause be shown to the court why such judgments should not be entered.