## Werner v. Mercantile & Theatres Properties, Inc.

*Raymond de S. Shryock*, for plaintiff.
*Rubensohn, Muller & Kallick*, for defendant.

BONNIWELL, J., June 25, 1940.—The above case was heard before Bonniwell, J., without a jury on May 16, 1940.

No witnesses were produced and no testimony was taken. By stipulation of counsel certain material facts were admitted.

From these admitted facts and the pleadings herein, the court finds as follows:

Plaintiff is the holder of a $1,000 bond, being one of a series of bonds of one James J. Clifford, obligor.

Payment of these bonds is secured by a mortgage or deed of trust which was given by the said Clifford to the Bank of Pittsburgh National Association, as trustee.

The bonds by their terms are subject to the provisions of the mortgage or deed of trust relating to remedies, foreclosures, etc., thereunder.

I quote the provision of the mortgage or deed of trust in this respect as written into the record by the attorney for defendant:

"No holder of any bond or coupon issued hereunder shall have any right to institute any suit, action or proceedings in equity or at law for the foreclosure of this indenture or for the execution of any trust *hereunder* or *for the appointment of a receiver hereunder, or for any other remedy hereunder,* unless the holders of 51 percent in principal amount of the bonds then outstanding, shall have requested the trustee in writing to take action."

These bonds matured January 15, 1938, and payment of the principal amount of $1,000, and of the coupon amount of $30, was demanded and refused.

This suit is not upon the bond and the obligor is not the defendant.

Defendant is the Mercantile & Theatres Properties, Inc., which company acquired the theatre property subject to the lien of the said mortgage or deed of trust as security for the bondholders.

Stamped upon plaintiff's bond is the following:

"Mercantile and Theatres Properties, Inc., having assumed payment of the indebtedness evidenced hereby and having agreed to pay the Pennsylvania Personal Property Tax with respect hereto, this bond is issued free of Pennsylvania Personal Property Tax and holders hereof, residents of Pennsylvania, are not required to make return of the same for assessment of said tax under laws in force at the date of issue hereof."

Defendant has stipulated of record as follows: "The defendant is willing to admit the assumption to pay the bond by the defendant company; the fact that the bond became due and payable; the fact that the plaintiff made demand for the payment of the coupons and the bond

with interest, and that refusal of the payment was made and is still made."

This case was submitted to the court solely on a question of law involving the right of plaintiff to bring this suit.

Plaintiff relies upon Putnam v. Pittsburgh Rys. Co., 330 Pa. 210.

Defendant relies upon Rittenhouse v. Lukens Steel Co., 116 Pa. Superior Ct. 303, and upon Batchelder v. Council Grove Water Co., 131 N. Y. 42, which is cited in the Rittenhouse opinion.

I again note that this suit is not upon the bond, and that the obligor is not the defendant.

It is against a corporation which assumed the payment of the bond indebtedness.

What is rubber stamped upon the face of the bond is not the "assumption" itself. It is merely an unsigned, undated statement or publication that Mercantile & Theatres Properties, Inc., which is the defendant herein, in some manner not described, had assumed the bond indebtedness and had agreed to pay the Pennsylvania personal property tax for the bondholders who reside in Pennsylvania. It was an added inducement to purchase the bond.

Neither the form nor the language of the "assumption" is disclosed. It is not part of nor referred to in either the bond or the trust deed or mortgage.

We cannot assume that it is an assumption of personal liability under the Act of June 12, 1878, P. L. 205, for the payment of the mortgage indebtedness by the grantee of the mortgaged theatre property, nor can we assume that it is a contract of suretyship.

This absence of information simplifies the legal proposition.

Defendant assumed the payment of the debt. When the debt became due at the maturity of the bonds defendant's liability became absolute. He refused to pay, and defends on the ground that this plaintiff cannot recover on

82

the "assumption" because of preventive provisions in the bond and in the mortgage or deed of trust.

But we find nothing in either instrument which prohibits this plaintiff from proceeding to judgment in this suit.

What Mr. Justice Stern said in Putnam v. Pittsburgh Rys. Co., supra, is peculiarly applicable to this case because the mortgage provisions as to remedies in that case are substantially the provisions of the mortgage in this case. I now quote from his opinion (p. 212) :

"The right of the individual owner of bonds to sue thereon is not affected by provisions of the mortgage securing them unless such provisions exclude the right in express terms or by necessary implication: *Philadelphia & Baltimore Central R. R. Co. v. Johnson*, 54 Pa. 127; *Western Pennsylvania Hospital v. Mercantile Library Hall Co.*, 189 Pa. 269; *Frey v. United Traction Co. of Pittsburgh*, 320 Pa. 196. Here no such exclusion appears. The only limitations in the mortgage are in respect to remedies 'hereunder,' that is, under the mortgage itself. The context indicates that the remedies thus restricted are those to enforce the security of the mortgage, and have no application to suits on the bonds or on the obligation of suretyship which the trustee would not in any event have the right to institute. The cases cited in the opinion of the court below are readily distinguishable. In *Wagner v. Philadelphia, Bristol & Trenton Street Railway Co.*, 233 Pa. 114, the suit was in equity for the appointment of a receiver, the right to bring which was explicitly restricted in the mortgage by conditions with which plaintiff had not complied. In *Rittenhouse v. Lukens Steel Co.*, 116 Pa. Superior Ct. 303, there was an express provision in the mortgage that no holder of a bond should have the right to institute any action in equity or at law for the payment of the bond."

The above case of Rittenhouse v. Lukens Steel Co. is the case which defendant herein relies upon for judgment in his favor.

It did not apply to the case that Mr. Justice Stern was considering and it does not apply to the instant case.

Rittenhouse brought suit against the obligor on the bond contrary to a provision in the mortgage or deed of trust that (p. 306) : "No holder of any First Mortgage Bond or Coupon shall have any right to institute any suit, action or proceeding in equity or at law for the payment of such bond or coupon. . . ."

There was no such prohibition in the mortgage or deed of trust which was under consideration by Mr. Justice Stern, and there is no such prohibition in the provision of the mortgage or deed of trust which was read into the record in this case by the attorney for defendant herein.

And the case of Batchelder v. Council Grove Water Co., supra, which is also relied upon by defendant, does not help him.

That suit likewise was upon the bond. It was prematurely brought contrary to a provision in the trust deed or mortgage.

The "assumption to pay" by defendant was for the benefit of all bondholders.

When defendant's liability to pay became absolute as it did at the maturity of the bonds this plaintiff was within his rights in bringing suit in his own name against defendant herein for the recovery of the indebtedness which defendant agreed to pay: Frey v. United Traction Company of Pittsburgh, 320 Pa. 196; Copeland's Estate, 313 Pa. 25; Philipsborn v. 17th & Chestnut Holding Corp., 111 Pa. Superior Ct. 9; Commonwealth v. Great American Indemnity Co., 312 Pa. 183, 190-191; McClelland et al. v. New Amsterdam Cas. Co., 322 Pa. 429.

Although plaintiff is entitled to judgment herein, he will not be permitted to issue execution against the mortgaged property itself, so long as other bonds remain unpaid and entitled to the benefit of the security: Putnam v. Pittsburgh Rys. Co., 330 Pa. 210-13; Frey v. United Traction Company of Pittsburgh, supra.

The court finds for plaintiff in the sum of $1,000 principal amount of said bond; together with the sum of $30, being the amount of semi-annual interest due thereon June 15, 1938. No execution to issue on said finding without further order of court in accordance with the above opinion.

NOTE.—The finding in favor of plaintiff was by agreement, subsequently corrected to be in the sum of $1,186.15, as of June 25, 1940.