## Ryan v. Carnegie Metals Co.

*Sachs & Caplan,* for plaintiffs.

*Humphrey Morris, Francis S. McMichael* and *Rose & Eichenauer,* for defendants.

*Paterson, Crawford, Arensberg & Dunn,* for garnishees.

MARSHALL, J., October 29, 1941.—Plaintiffs issued a writ of foreign attachment against defendant corporation.

Plaintiffs later had a rule issued for judgment for want of a sufficient affidavit of defense.

The case came up before a court in banc on the argument list. After argument the case was assigned to the writer of this opinion.

A few days later a petition was presented, asking for the right to intervene on the part of the trustee of the bondholders, which included plaintiffs. The case was referred back to the argument list and a court in banc then decided that the trustee had a right to intervene but the merits of the case were not passed upon. After said right was given the case was referred back to Judge Marshall who had originally been assigned the case.

The trustee has filed an additional affidavit of defense and has filed a brief.

### Question of law involved

In a suit by holders of five-year refunding, debenture, coupon bonds against the maker of the bonds, where the maker admits that the whole amount of plaintiffs' claim is due and owing and that the trustee under the debenture agreement, pursuant to which the

bonds were issued, has not at any time instituted any suit or taken any action of any kind to enforce payment by defendant of the principal or interest on any of the said bonds, including the bonds held by plaintiffs upon which the suit was brought, and that the said trustee has not at any time instituted any suit or taken any action of any kind under the debenture agreement, are plaintiffs entitled to judgment for the amount admittedly due and owing?

## Facts

Defendant is an Arizona corporation, which, at the time of the service of the writ of foreign attachment herein, had moneys and credits owing it by The Colonial Trust Company, a Pennsylvania corporation, with its place of business in Pittsburgh, Pa., which was served and summoned as garnishee.

The case is now before the court on plaintiffs' rule for judgment for want of a sufficient affidavit of defense.

Plaintiffs are the owners and holders of 11 five-year refunding, debenture, coupon bonds, dated as of October 1, 1927, made by defendant and certified by the First National Bank of Duluth, trustee, in the total principal amount of $5,900. In each of the bonds defendant promised to pay the bearer the respective sum thereof on October 1, 1932, and interest thereon from October 1, 1927. Subsequently, the time for the payment of the respective principal sums and interest was extended by an endorsement stamped on the bonds, to October 1, 1939. On October 1, 1939, there was due and payable by defendants to plaintiffs under the bonds and attached coupons the total sum of $6,639.86.

On October 5, 1939, plaintiffs sent their 11 bonds and attached coupons to the First National Bank of Duluth (now First and American National Bank), trustee, by registered mail, with a request for payment of the principal and interest represented by the bonds and attached coupons. On October 12, 1939, the trustee

returned the bonds and coupons to plaintiffs unpaid, because of the failure of defendant to place in the trustee's hands the necessary funds for their payment.

On October 10, 1939, defendant mailed to the various holders of the bonds, including plaintiffs, a letter advising the holders that it was unable to pay the principal or interest under the bonds and asking the holders to waive existing defaults and to extend the time for payment to October 1, 1940. This letter was accompanied by a form of letter of transmittal for use by such holders who were willing to agree to the extension in sending their bonds to the trustee. The holders of approximately $30,000 in principal amount of bonds of defendant delivered their bonds with attached coupons to the trustee and the trustee duly stamped them in accordance with the provisions of the said letter and returned the bonds to the respective holders. The sum of $30,000 in principal amount transmitted to the trustee constitutes less than a majority in amount of the five-year refunding, debenture, coupon bonds of defendant still unpaid and outstanding. Plaintiffs did not agree to the extension of time for payment nor did they send any of their 11 bonds to the trustee for stamping.

The trustee has not at any time instituted any suit or taken any action of any kind to enforce the payment by defendant of the principal or interest of any of the outstanding five-year refunding, debenture, bonds issued by defendant, including the bonds held by plaintiff, nor has the trustee at any time instituted any suit or taken any action of any kind under the debenture agreement dated October 1, 1927.

In article V, sec. 8, of the debenture agreement dated October 1, 1927, it is provided that no holder of any of the bonds issued thereunder shall have any right to institute any suit, action, or proceeding in equity or at law, for the enforcement of any covenant of said agreement, unless such holder shall previously have given to the trustee written notice of default and of the continu-

ance thereof, nor unless the holders of 25 percent of the amount of the bonds issued thereunder and outstanding shall have made written request upon the trustee for such action, and shall have offered to the trustee a reasonable opportunity to institute a suitable suit, action or proceeding, nor unless, also, such bondholders shall have offered to the trustee adequate security and indemnity against its costs, expenses and liabilities.

In article V, sec. 3, of the debenture agreement dated October 1, 1927, every taker and every holder of any of the bonds or coupons agrees with the trustee and with every other holder of the bonds or coupons issued thereunder that he will not institute or prosecute or maintain any suit, action, or proceeding for the collection of the principal or interest of any bond issued under the agreement in case the trustee shall be of the opinion that the institution, prosecution or maintenance of such suit, action, or proceeding would enable the individual bondholder or bondholders to obtain priority or preference over other holders of bonds or coupons issued thereunder, and that an action, suit, or proceeding should be instituted and maintained by the trustee for the ratable and common benefit of the holders of all the bonds and coupons then outstanding.

The trustee, under date of November 8, 1940, sent a letter to plaintiffs advising plaintiffs that it is of the opinion that the prosecution, institution, and maintenance of this suit will enable plaintiffs to obtain priority and preference over the other holders of bonds and coupons issued under the debenture agreement and that it is also of the opinion that a suit should be maintained by it for the ratable and common benefit of the holders of all the bonds and coupons issued under the debenture agreement now outstanding.

We have copied the statement of facts and the question involved from the statement filed by plaintiffs at the time of the argument. We believe it correctly states

the facts and the question before us. The only thing we need to add to the same is that the trustee has since been permitted to intervene and has filed an affidavit of defense raising substantially the same question as before recited, except the following:

The trustee claims that its coöperation with the original defendant in securing an extension of the time for the payment of approximately $30,000 in face value of the bonds does not disqualify it from acting under the provisions of the debenture agreement. It claims that in connection with the extension it acted as the maker's agent.

*Discussion*

It is to be remembered that suit is on the bonds which matured October 1, 1939, and which have not been paid. Plaintiffs argued, and we agree with them, that they are not seeking to enforce any of the provisions afforded by the debenture agreement.

Defendants admit that the bonds are due and have not been paid, as does the trustee, but defends on the ground that plaintiffs cannot maintain this action because of the covenant contained in the debenture agreement between and among the various bondholders and trustee.

Plaintiffs emphasize the fact that the agreement was not between defendant and plaintiffs and that defendant, so far as it is concerned, was a stranger to said agreement.

The covenant relied upon reads as follows:

"Every taker and every holder of any of the bonds or coupons issued hereunder, by accepting the same, agrees with the trustee and also with every other holder of any of the bonds or coupons issued hereunder, that he will not institute or prosecute and that he shall have no right to maintain any suit, action or proceeding for the collection of the principal or interest of any of the bonds issued hereunder, in case the trustee shall be of the opinion that the institution, prosecution or main-

tenance of such suit, action or proceeding would enable the individual bondholder or bondholders complainant therein to obtain priority or preference over other holders of bonds or coupons issued hereunder, and that an action, suit or proceeding should be instituted and maintained by the trustee under section 3 of this article for the ratable and common benefit of the holders of all the bonds and coupons issued hereunder and then outstanding. For the protection and enforcement of this covenant, each and every bondholder and the trustee shall be entitled to such relief as can be given either at law or in equity."

The law in Pennsylvania relative to a suit by an individual bondholder against the debtor is settled. The bondholder may maintain his suit, and secure a judgment against the debtor, unless the agreement securing the issue of bonds specifically takes such right away from the individual bondholder.

"The right of the individual owner of bonds to sue thereon is not affected by provisions of the mortgage securing them unless such provisions exclude the right in express terms or by necessary implication": Putnam v. Pittsburgh Rys. Co., 330 Pa. 210, 212.

We accept the argument of plaintiffs that defendant is not a party to the covenant. The only parties are the bondholders and the trustee, and the only parties entitled to the protection of said agreement are the bondholders and the trustee.

Defendant states in its brief that "defendant's promise to pay is conditioned by the clause in question," that defendant "promised to pay the principal and interest of the bonds upon condition, among other things, that no one bondholder would maintain such an action as would give that bondholder priority over other bondholders," and further, that the bonds "state on their face that the holders and takers thereof agree to be bound by the provisions of the agreement under which they are issued." A study of the entire debenture agree-

ment, and particularly the clause in question, fails to disclose any such condition or provision in the bonds for any such agreement.

We believe this case is now before the court upon pleadings which do not aver any facts which show that a priority or preference would result to plaintiffs if they are successful in this action. The only possible support for such an assertion is the bald and unsupported statement in the trustee's letter dated November 8, 1940, and in the argument of defendant's counsel.

The trustee's letter, exhibit "B" of defendant's affidavit of defense, was sent to plaintiffs nine months after the institution of this suit. Neither the trustee's letter nor anything else of record indicates that defendant is insolvent, that the security deposited with the trustee under the debenture agreement will not more than pay all the bondholders, nor that any other state of facts exists to lend substance to the opinion of the trustee.

Moreover, the clause in question provides that, in addition to the trustee being of the opinion that the suit in question would result in a priority, the trustee must also be of the opinion that it, as trustee, should maintain an action for the common and ratable benefit of all the bondholders. Although in its letter of November 8, 1940, the trustee says it is of this opinion also, it does not say it proposes to proceed with such an action nor is there anything else of record to indicate that the trustee intends so to proceed.

It is to be remembered that the trustee wrote a letter to the various bondholders asking that they grant him an extension as to time of payment, that $30,000 worth of bonds were deposited with him and an extension was granted. This in our judgment sustains the position of plaintiffs here that the trustee has disqualified himself to proceed, having granted such an extension. Plaintiffs, however, did not deliver their

bonds to the trustee nor grant an extension of time for the payment thereof.

Said extension was in effect when the present suit was brought. The trustee never made any steps to intervene until a number of months after this suit was brought, and we are of the opinion that the trustee only seeks to intervene for the purpose of delay. The whole case gives us that impression.

The bonds upon which plaintiffs are suing set forth an unconditional promise to pay and contain no such restriction upon the bondholders' right to enforce payment as is set forth in the clause of the debenture agreement set forth above.

We believe a bondholder is entitled to be specifically put on notice of any qualification of his rights either by clear language expressed on the face of the bond or by an unequivocal reference thereon to the limitations contained in the debenture or bond agreement.

The trustee, so far as the pleadings show, has never moved to assert the rights of the bondholders and we do not believe he should be permitted to now.

It is true that the trustee in his affidavit of defense argues that the effect of the extension was not to preclude any suit being brought by him but the undisputed facts are that he has never brought such a suit on bonds which became due in 1939, and we believe that the extension entered into by the trustee without the consent and approval of plaintiffs who had already brought suit would preclude the trustee from bringing suit on the bond.

It is argued by counsel for the trustee that the debenture agreement did not require suit being brought by the trustee unless demand was made by holders of 25 percent of the outstanding bonds. This is true, but it was not prohibited from doing so and it was not prohibited from asking to intervene as a party plaintiff on overdue bonds.

The trustee denies lack of good faith but in its affidavit of defense, using the trustee's own language, it

was acting as an agent in procuring the extension; acting as an agent for whom? It is very clear that since it intervened as a party defendant it was acting for the company and, as we have before stated, for the purpose of protecting the defendant company, which is in default.

We have, therefore, come to the conclusion that judgment should be made absolute in behalf of plaintiffs.

### Order

And now, to wit, October 29, 1941, after due consideration thereof, it is ordered that plaintiffs' rule for judgment on the pleadings be made absolute and judgment is entered in favor of plaintiffs in the sum of $6,639.86, with interest as provided by said bonds.