## Grammes v. American Hotel

*Harold A. Butz*, for petitioner.
*William S. Hudders*, for plaintiff.
*Butz, Steckel & Rupp*, for defendant.

IOBST, P. J., September 28, 1942.—In this action in assumpsit plaintiff alleges that he became the owner and holder of ten $1,000 bonds, before maturity, which became due and payable on June 1, 1941, and that, upon presentation for payment, payment thereof was refused, hence this suit.

To this statement of claim defendant filed its affidavit of defense and for further answer to plaintiff's statement sets forth new matter to which it demands a reply.

On June 1, 1926, defendant corporation executed and delivered its certain bonds in the aggregate amount of $1,000,000, payable on June 1, 1941. These bonds accompanied a mortgage in like amount wherein the Lehigh Valley Trust Company of Allentown, Pa., is named as the trustee, and which mortgage is a lien upon a certain hotel in the City of Allentown, known as the Americus Hotel, together with all buildings, structures, improvements, machinery, fixtures, appliances and equipment, now owned or hereafter acquired by the company, etc., also all tolls, incomes, rents, issues, profits, benefits and advantages to be derived or received or had, of and from the property, etc.

From the pleadings it appears that the bonds matured on June 1, 1941, and have not been paid by defendant corporation.

An extension agreement was made as of April 1, 1941, by and between such holders of bonds issued on June 1, 1926, as would become parties thereto in the manner therein provided, and the American Hotel Realty Corporation. Subsequently thereto the extension agreement was declared effective and a supplemental mortgage, dated November 17, 1941, was entered into by and between defendant corporation, the Lehigh Valley Trust Company, as trustee under the original mortgage indenture, and those persons (bondholders) who became parties to the extension agreement. Plaintiff did not become a party to the extension agreement or to the supplemental mortgage.

Plaintiff's motion for judgment for want of a sufficient affidavit of defense and plaintiff's reply to new matter raising questions of law have been withdrawn and the case has been placed upon the trial list. We are not asked to pass upon the merits of the case at this time. The Lehigh Valley Trust Company, which has been named trustee under the mortgage hereinbefore referred to, has filed its petition to intervene in this suit setting forth, if permitted to intervene, it

will assert that the action brought by plaintiff is contrary to the provisions of the mortgage indenture under which petitioner is acting as trustee, that plaintiff as a holder of bonds issued pursuant to the provisions of said indenture of trust is bound by the provisions thereof, that the action brought by plaintiff is inequitable and will constitute a priority and preference in his favor as against the remaining bondholders under the trust indenture and will adversely affect the rights and interests of the remaining holders of bonds and of petitioner.

The petition further alleges that it will adopt paragraphs 3, 4, 5, 6, 7 and 8 of the affidavit of defense filed by defendant, and all of the new matter in said affidavit of defense set forth. It will be noticed, therefore, that petitioner will adopt all the defenses set up by defendant to the action, adding nothing new thereto.

To this petition we have plaintiff's reply setting forth that petitioner, Lehigh Valley Trust Company, as trustee, is not a proper party to intervene under Pa. R. C. P. 2327. This is the matter presently before us for disposition. No hearing was held on the petition to intervene, the parties preferring to submit it to the court on briefs.

Under Pa. R. C. P. 2327, it seems clear to us that the trustee is not a proper party to intervene, for the entry of a judgment in this action will not impose any liability upon it to indemnify defendant. Nor is the trustee so situated as to be adversely affected by the distribution of property as set forth in paragraph 2 under said rule. The trustee could not have joined as an original party to this action, for this action is not based upon the collateral mortgage but is against defendant for failing to meet its obligation to pay the bonds, together with interest, upon maturity; and lastly, we fail to see how the determination of this action may in any manner affect any legally enforcible

interest of the trustee or that the trustee may be bound by a judgment in this action.

Should plaintiff recover a judgment against the obligor, defendant here, he would have no right of preference on an execution against the mortgaged property, including all other incidentals covered thereby, as fully set forth therein, so long as other bonds remained unpaid and entitled to the benefit of the security: Putnam v. Pittsburgh Railways Co., 330 Pa. 210, 213. Therefore, it is needless for the trustee to aver that the recovery herein "might create a preference and priority in the plaintiff to the detriment of the remaining holders of bonds".

Petitioner avers that it has a legal or enforcible interest at stake but fails to advise the court of what such interest consists. It avers that plaintiff's action is contrary to the provisions of the trust mortgage and further alleges, if allowed to intervene, it will adopt in toto as its defense all the matters alleged by defendant in its affidavit of defense and the new matter set forth therein. This, then, would merely be a cumulative defense and would be of no added benefit to the trustee.

Under Pa. R. C. P. 2329 it is stated: "The discretion which the court may exercise at the hearing on the petition is limited. The rule does not state the situations in which the intervention may be granted; rather, it specifies the instances where the court may properly refuse the application and by implication requires allowance in all other instances.

"The court is first required to determine whether the petitioner comes within one of the classes of persons entitled to intervene. If the petitioner is not such a person the court must deny the petition to intervene. If the petitioner is such a person, the court may refuse leave to intervene only if the intervention sought is not in subordination to the original action, the interest of the petitioner is adequately represented, the petitioner has

delayed unreasonably in making application, or his intervention would prejudice or inconvenience the parties and the court. If none of these factors are present and the petitioner is a person coming within one of the classes entitled to intervene, the court must allow him to intervene and has no authority to refuse leave": commentary by Goodrich and Amram on Procedural Rules Service.

For the reasons stated in this opinion leave to intervene must be denied.